UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lue Yang, | Civ. No. 22-2732 (PAM/DLM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| City of Richfield and John Does, Police Officers for the Richfield Police Department, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

In April 2015, officers from the Richfield Police Department stopped a vehicle that Plaintiff Lue Yang was driving. (Compl. (Docket No. 1) ¶ 8.) A search of the vehicle revealed a compressed-air BB gun under the seat. (Id.) Yang was arrested and subsequently convicted and sentenced to prison for being a prohibited person in possession of a firearm in violation of Minn. Stat. § 624.713. (Id.) Yang appealed his conviction.

In 2006, the Minnesota Court of Appeals determined that a BB gun was a firearm under § 624.713. State v. Fleming, 724 N.W.2d 537, 540-41 (Minn. Ct. App. 2006). In 2016, however, during the pendency of Yang's appeal, the Minnesota Supreme Court implicitly overruled Fleming, finding that an analogous firearm-possession statute, Minn. Stat. § 609.165, did not prohibit possession of BB guns, which expel a projectile using compressed air, but rather only prohibited possession of devices "that expel[] a projectile

by the action or force of an explosion or combustion." State v. Haywood, 886 N.W.2d 485, 490 (Minn. 2016) (quotation omitted). The panel considering Yang's appeal thereafter vacated his conviction and he was released from prison. State v. Yang, 887 N.W.2d 40, 43 (Minn. Ct. App. 2016).

Yang filed this lawsuit in October 2022, seeking damages for what he alleges was a wrongful arrest and conviction. (See Compl. ¶ 14 (alleging that "Richfield Police officers wrongfully arrest[ed]" him).) He initially named the City of Minneapolis, State of Minnesota, and Richfield Police Department as Defendants (id. ¶¶ 15-16); those entities were dismissed by Court order in December 2022. (Docket No. 15.) The remaining Defendants now seek dismissal of Yang's claims against them under Fed. R. Civ. P. 12(b)(6) and for judgment on the pleadings under Rule 12(c). Defendants argue that Yang's claims are time-barred or, if not time-barred, fail to state any claim on which relief can be granted. Yang did not respond to Defendants' Motion to Dismiss, appearing to concede that his claims should be dismissed.

**DISCUSSION**

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the

Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

**A.   Statute of Limitations**

Yang's Complaint purports to raise claims for false arrest, malicious prosecution, and wrongful conviction[1] under 42 U.S.C. § 1983, as well as a claim for "the tort of mental and physical negligence." (Compl. at p.1.) Both § 1983 and negligence claims are subject to a six-year statute of limitations. United States v. Bailey, 700 F.3d 1149, 1153 (8th Cir. 2012) ("The statute of limitations on claims under 42 U.S.C. § 1983 . . . is six years in Minnesota."); Sundae v. Anderson, No. 02cv855, 2003 WL 24014341, at *15 (D. Minn. Apr. 24, 2003) (Nelson, M.J.) ("A claim for negligent infliction of emotional distress is subject to a six-year statute of limitations."); Minn. Stat. § 541.05, subd. 5 (providing six-year statute of limitations for causes of actions for non-contractual injuries such as torts). Under Minnesota law, the limitations period for negligence claims is not tolled until the injured party discovers the negligence; rather, "[n]egligence-based claims are generally subject to the 6-year limitation of Minn. Stat. § 541.05, subd. 1(5), without regard to delayed discovery." Lickteig v. Kolar, 782 N.W.2d 810, 815 (Minn. 2010).

---

[1] Yang alleges that the City of Minneapolis and State of Minnesota wrongfully convicted and maliciously prosecuted him. (Compl. ¶¶ 15-16.) The Complaint does not mention wrongful conviction or malicious prosecution as to any of the other Defendants. Because the City of Minneapolis and the State of Minnesota have been dismissed, his wrongful-conviction and malicious-prosecution claims are similarly dismissed. Only Yang's claims for false arrest and negligence remain.

Yang's false-arrest claim arose when he made his first appearance. Anderson v. Cnty. of Jackson, No. 11cv2660, 2012 WL 2003525, at *8 (D. Minn. Apr. 4, 2012) (Boylan, M.J.). Publicly available state-court records establish that Yang's initial appearance was April 23, 2015. (Bostrom Aff. Ex. 3.) Any § 1983 claim arising out of his arrest, then, must have been brought by April 23, 2021. Yang did not file this lawsuit until October 2022. His § 1983 claims are time-barred.

Similarly, any claim of negligence arising out of his arrest and conviction arose, at the latest, on July 9, 2015, the date he was convicted. (Bostrom Aff. Ex. 3.) Because he did not file this lawsuit by July 9, 2021, his negligence claim is likewise untimely.

**B.   Merits**

Even if timely, Yang's claims fail on the merits. A false arrest claim requires demonstrating that the arrest lacked probable cause, judged by "the totality of the circumstances at the time of the arrest." Borgman v. Kedley, 646 F.3d 518, 523 (8th Cir. 2011). "The fact that the person arrested is later [declared] innocent is not material." Joseph v. Allen, 712 F.3d 1222, 1226 (8th Cir. 2013).

At the time Yang was arrested, the law in Minnesota was clear: a prohibited person, such as Yang, was not allowed to possess a BB gun. That clearly established law did not change until the Minnesota Supreme Court issued the Haywood decision in October 2016, more than 18 months after Yang's arrest. Yang cannot plausibly state a claim that his arrest was wrongful because of the Haywood decision, and his § 1983 claim must be dismissed.

Yang's negligence claim is insufficiently pled—there are no allegations as to how any police officer might have been negligent and indeed very few factual allegations about

4

the arrest at all. Assuming that Yang either intended to raise a claim for negligent infliction of emotional distress or for negligent arrest, either claim would ultimately depend on establishing that the arrest itself was somehow wrongful. Because Yang's arrest comported with Minnesota law as it existed at the time of the arrest, Yang has no plausible claim that an arrest for possession of a BB gun was wrongful. His negligence claim must likewise be dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Defendants' Motion to Dismiss (Docket No. 23) is **GRANTED**; and

2. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 28, 2023                    *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge